## OLDHAM *v.* STATE TAX COMMISSION

Leo F. Young, Eugene, argued the cause for plaintiff.

John C. Mull, Assistant Attorney General, Salem, argued the cause for defendant.

Demurrer sustained July 16, 1964.

PETER M. GUNNAR, Judge.

This is a suit to set aside defendant's Opinion and Order No. VL 63-167, which denied plaintiff's claimed exemption of his self-propelled mobile cranes from ad valorem property taxation for the year 1963-64.

Our tax law exempted from ad valorem tax those mobile units paying a motor vehicle license fee until 1959. In that year, the legislature removed the exemp-

tion from "special mobile equipment." Oregon Laws 1959, ch 683. It defined "special mobile equipment" as a "vehicle, with or without motive power, that is neither designed nor used primarily for the transportation of persons or property on the highways and that is only incidentally operated or used on the highways." The statute enumerated a number of such vehicles and provided that the enumeration was not exclusive. It then expressly exempted self-propelled mobile cranes.

In 1961, the legislature changed the designation of "special mobile equipment" to "fixed load equipment" and removed "self-propelled mobile cranes" from express exemption. Oregon Laws 1961, ch 539.

In 1963, the legislature returned "self-propelled mobile cranes" to express exempt status as of January 1, 1964.

Plaintiff claims that the 1961 removal of the exemption was not intended to remove the exemption and was a mistake. He contends that the 1963 amendment should be so interpreted. He also claims that such cranes are not fixed load vehicles as defined in the statute.

■■■ Neither contention is tenable. A court cannot construe a tax statute when its meaning is clear. *Methodist Book Concern v. St. Tax Com'n*, 186 Or 585, 591, 208 P2d 319 (1949). A mobile crane is a fixed load vehicle within the statutory definition. That is why its exemption had to be expressed in the 1959 statute, and again in the 1963 statute. When the legislature removed the exemption in 1961, this court will presume that it intended the consequence of its act. *State of Oregon v. Blount, Sr.*, 200 Or 35, 46, 264 P2d 419, 44 ALR2d 711 (1954). Thus, self-propelled mobile cranes were not exempt from ad valorem taxation on January 1, 1963, the tax date in issue.

The commission also contends that plaintiff has not properly perfected his appeal. He appealed to the board of equalization when the assessor denied his exemption, and then to the commission when the board refused to act. He should have appealed directly to the commission from the assessor's denial. ORS 306.520.

■ Plaintiff did appeal to the commission within the time allowed in ORS 306.520. His erroneous appeal to the board of equalization was a nullity. *Miller's Mobile Manor v. Commission,* 1 OTR 424, 426 (1963). The commission is designed so that the technicalities of the law and legal procedure can be submerged in the wellsprings of justice arising from the commission's technical expertise. *Col. R.-L. Bridge Co. v. Wellington,* 140 Or 413, 418, 13 P2d 1075 (1932). Though he first made an improper appeal to the board, plaintiff's procedural error alone should not defeat his right to consideration by the commission. He appealed within the statutory time for the proper appeal and is entitled to a hearing before the commission as a matter of right. *Miller's Mobile Manor v. Commission, supra.* There was no fatal error in commission jurisdiction.

Defendant shall prepare a decree in accordance with the rules of this court, affirming its opinion and order, denying plaintiff his claimed exemption, and allowing defendant its costs and disbursements herein.